UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DERRAL WILLIAMS, | : | Civil Action No. 04-4860 |
| Plaintiff, | : | Hon. WILLIAM J. MARTINI, U.S.D.J. |
| v. | : | |
| JERRY SPEZIALE, et al., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

## INTRODUCTION

On November 9, 2005, I issued an Order directing the pro se plaintiff, Derral Williams, to show cause before me on November 28, 2005, why sanctions should not be imposed upon him pursuant to Rule 16(f). There was no response from plaintiff. There was no oral argument. Rule 78.

## DISCUSSION

The Complaint in this civil action was filed on November 23, 2004. On February 23, 2005, I issued a Scheduling Order. This provided, among other things, that discovery was to close not later than July 1, 2005, and that plaintiff's pretrial submissions were due not later July 8, 2005. Plaintiff's failure to make his pretrial submissions led to the pending Order to Show Cause.

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether an extreme is appropriate. 747 F.2d at 868; see Scarborough v. Eubanks, 747 F.2d 871, 975-76 (3d Cir. 1984).

Turning to the Poulis factors, I find as follows:

1. Plaintiff is proceeding pro se. Accordingly, he is personally responsible for having failed to comply with the terms of the Scheduling Order.

2. There is no history of noncompliance here.

3. Not having received any indication from plaintiff to the contrary, I can only presume that he has made a conscious decision not to comply with the Scheduling Order and not to prosecute this civil action.

4.      I can not say from my review of the pleadings that the Complaint does not state a meritorious claim.

5.      Plaintiff's failure to comply with the terms of the Scheduling Order makes it impossible to complete discovery, enter a Final Pretrial Order, or to set this matter down for trial. It should also be noted that the passage of time before trial cannot help but contribute to the inevitable dimming of witnesses' memories. See Scarborough v. Eubanks, supra., 747 F.2d at 876. Defendants has been prejudiced by plaintiff's failure to comply.

6.      Alternative sanctions would not be appropriate.  Plaintiff failed to respond to this Order to Show Cause.  Accordingly, anything in the nature of an Order or monetary sanction would appear to be meaningless.

## CONCLUSION

Four of the six Poulis factors weigh in favor of an extreme sanction.  "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's Complaint becomes a mechanical calculation ***.  Not all of the Poulis factors need to be satisfied in order to dismiss the Complaint."  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

For the reasons set forth above, I recommend that the Complaint be dismissed with prejudice.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

                                              s/Ronald J. Hedges
                                              RONALD J. HEDGES
                                              UNITED STATES MAGISTRATE JUDGE