UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DERRAL WILLIAMS,**<br><br>    Plaintiff,<br><br>v.<br><br>**JERRY SPEZIALE, et al.,**<br><br>    Defendants. | 04-CV-4860 (WJM)<br><br>**ORDER**<br><br>**HON. WILLIAM J. MARTINI** |

**THIS MATTER** having come before the Court on the *pro se* motion of Plaintiff, Derrall Williams, to reopen Civil Action No. 04-4860 for failure to receive notice of: (1) the Order to Show Cause issued by former Magistrate Judge Ronald J. Hedges on November 9, 2005, which directed Plaintiff to show cause as to why sanctions should not be imposed under Fed. R. Civ. P 16 for failure to comply with a February 25, 2005 Scheduling Order; and (2) the Report and Recommendation issued by Judge Hedges on November 30, 2005, which imposed "extreme sanctions" under the six factors of *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984); and recognizing that this failure to receive notice deprived Plaintiff the opportunity to object to the Report and Recommendation under Local Rule 72.1(c)(2) within 10 days of its issuance; and stating that this matter has been closed since January 13, 2006 when the Court adopted Judge Hedge's Report and Recommendation; and considering the instant motion liberally in deference to

Plaintiff's *pro se* status; and in properly considering this motion under Federal Rule of Appellate Procedure 4(a)(5) as a motion for an extension of time to file an appeal; and recognizing that under Rule 4(a)(5), a district court may extend the time to file an appeal if the party shows "excusable neglect or good cause"; and observing that courts must consider "the length of the delay and the basis of the delay" when evaluating a motion under Rule (4)(a)(5), *Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 920 (3d Cir. 1987); and further observing that "[w]here . . . the delay was minimal, and where the court has determined that the delay was not the result of any bad faith but rather occurred despite . . . substantially diligent efforts at compliance, the judicial interest in deciding cases on the merits outweighs the interest in finality," *id.*; and noting that it is the responsibility of the *pro* se Plaintiff "to keep the District Court informed of his whereabouts," *Hall v. Holman*, 265 Fed. Appx. 135, 137 (3d Cir. 2008); and finding that Plaintiff brings this motion almost three years since the Court's Order adopting the Report and Recommendation; and further finding that Plaintiff did not act in bad faith, but rather acted without diligence; and determining that Plaintiff had notice of the Scheduling Order, which informed him that all pretrial submissions must be submitted by the July 8, 2005 deadline, and thus notice of his responsibilities in the then pending matter; and further noting that once released from prison Williams made no effort to communicate this fact to the Court;

2

and taking notice that Plaintiff only attempted to reopen this case after "stumbl[ing]" upon it; and attempting to promote fairness and thereby "avoid[] the prejudicial effect of reopening litigation which the opposing party had assumed was closed," *Consolidated Freightways*, 827 F.2d at 920; and for good cause shown,

**IT IS** on this 5th day of November 2008 hereby

**ORDERED** that Plaintiff's motion to reopen is **DENIED**.


s/William J. Martini
**William J. Martini, U.S.D.J.**